## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOONER GERIATRICS, L.L.C. d/b/a GRACE LIVING CENTER- WILDEWOOD, and TIMBERLANE MANOR, L.L.C. d/b/a GRACE LIVING CENTER-EDMOND, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )  Case No. CIV-07-244-M ) |
| JAMES MICHAEL CRUTCHER, acting in his official capacity as the COMMISSIONER OF THE OKLAHOMA STATE DEPARTMENT OF HEALTH, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion for Transfer of Venue to the Northern District of Oklahoma, filed June 20, 2007. On July 9, 2007, plaintiffs filed their response, and on July 18, 2007, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

Defendant moves this Court to transfer this action to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[1]

28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy and money

---

[1]The parties dispute whether this action could have been brought in the United States District Court for the Northern District of Oklahoma. Because this Court finds that defendant has not established that the Western District of Oklahoma is an inconvenient forum, the Court declines to address whether this action could have been brought in the United States District Court for the Northern District of Oklahoma.

and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)).

Having carefully reviewed the parties' submissions, the Court finds that defendant has presented no evidence that the Western District of Oklahoma is an inconvenient forum. Specifically, the Court finds that defendant has failed to present any evidence as to how it would be more convenient for the parties and witnesses to try this matter in the Northern District of Oklahoma. In his motion, defendant simply asserts that this case should be transferred so that it may be consolidated with another case currently pending in the Northern District of Oklahoma which raises similar issues as those raised in the instant matter. The Court, however, finds that the pendency of a similar action in the Northern District of Oklahoma without any showing that a transfer would be more convenient for the parties and witnesses is not sufficient to warrant transferring this action, particularly in light of the fact that the action in the Northern District was filed by a different plaintiff.

Accordingly, the Court DENIES defendant's Motion for Transfer of Venue to the Northern District of Oklahoma [docket no. 27].

**IT IS SO ORDERED this 4th day of September, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE